UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DERRICK GREATHOUSE**       :       **DOCKET NO. 18-cv-0336**
    **REG. # 12052-088**                **SECTION P**

**VERSUS**       :       **UNASSIGNED DISTRICT JUDGE**

**UNITED STATES OF AMERICA**       :       **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Derrick Greathouse. Greathouse is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). However, his complaint relates to events that occurred while he was incarcerated at the Federal Correctional Institute in Talladega, Alabama ("FCIT").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

### I.
#### BACKGROUND

Greathouse brings this action to allege a violation of his First Amendment rights by FCIT employees. Doc. 1, att. 1. Specifically, he claims that he refused to clap as part of a group exercise in an FCIT drug program because he is a devout Muslim and asserts that clapping is an abomination under the teachings of his religion. *Id.* at 2. He states that after he provided the reason

for his refusal, an FCIT employee threatened him, he was removed from the drug program and placed in the Special Housing Unit, and that he was finally transferred to FCIO in retaliation. *Id.* As a result of his removal from the drug program, Greathouse maintains that he has lost up to one year of credit against his sentence. *Id.* In relief he seeks $100,000 in damages.

## II.
### LAW & ANALYSIS

An application for writ of *habeas corpus* is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 93 S.Ct. 1827, 1841 (1973). On the other hand, a civil rights suit "is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Texas Dep't of Criminal Justice Trans. Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In other words, the proper vehicle is a civil rights suit if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Greathouse's claim clearly relates to his conditions of confinement and would not entitle him to accelerated release. It should therefore be raised in a civil rights action, subject to the appropriate filing fee. He should also consult the venue provisions applicable to such actions under 28 U.S.C. § 1391(b) before deciding where to file such a suit. *See Stafford v. Briggs*, 100 S.Ct. 774, 784 (1980).

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to Greathouse raising these claims in a properly filed civil rights action.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of July, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE